UNITED STATES of America, Appellee,

v.

Ronald Howard CLEVELAND, Jr., Appellant.

No. 07–2401.

United States Court of Appeals, Eighth Circuit.

Submitted: April 1, 2008.

Filed: April 3, 2008.

Michelle E. Jones, Assistant U.S. Attorney, Minneapolis, MN, for Appellee.

Ronald Howard Cleveland, Jr., Tucson, AZ, pro se.

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

PER CURIAM.

Ronald Cleveland challenges the 92–month prison sentence imposed by the district court,[1] after he pleaded guilty to bank robbery. Cleveland's counsel has filed a brief under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), questioning the reasonableness of Cleveland's sentence and asserting that the district court should have granted Cleveland's motion for a departure or variance from the applicable Guidelines range. Counsel has separately moved to remand for resentencing in light of *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 594–95, 169

sota.

L.Ed.2d 445 (2007) (rejecting appellate rule requiring extraordinary circumstances to justify sentence outside Guidelines range). We affirm, because the district court's clearly discretionary decision not to depart is unreviewable, and the court did not abuse its discretion by refusing to grant a variance. *See United States v. Godinez,* 474 F.3d 1039, 1043 (8th Cir. 2007) (decision not to depart is unreviewable where court clearly recognized its authority to do so; court did not abuse its discretion by refusing to grant variance because it considered 18 U.S.C. § 3553(a) factors and determined sentence within advisory range was appropriate); *United States v. Haack,* 403 F.3d 997, 1003–04 (8th Cir.2005) (listing factors that might signal abuse of discretion). We see no basis to conclude that the sentence—imposed at the bottom of the advisory Guidelines range—is unreasonable, *see Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2463–68, 168 L.Ed.2d 203 (2007) (discussing application of presumption of reasonableness to sentence that reflected proper application of Guidelines); *United States v. Harris,* 493 F.3d 928, 932 (8th Cir.2007) (sentence within advisory Guidelines range is presumptively reasonable), *cert. denied,* —— U.S. ——, 128 S.Ct. 1263, 170 L.Ed.2d 111 (2008).

We also deny counsel's motion for a remand for resentencing because nothing in the record indicates that the court was inclined to impose a more favorable sentence but for then current Eighth Circuit precedent, or that the court otherwise felt constrained by the advisory Guidelines range. *Cf. United States v. Marston,* 517 F.3d 996, 1004–07 (8th Cir.2008).

Accordingly, we affirm the judgment, and we direct counsel to inform Cleveland about the procedures for filing a petition for rehearing or filing a petition for certiorari.